**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 17-cv-0692-WJM-KLM

ADSCEND MEDIA LLC,

    Plaintiff,

v.

D. K., a minor, by and through his guardian and natural parent, Stephanie Auton Klose (a/k/a Stephanie Auton);
STEPHANIE AUTON KLOSE, individually; and,
JOHN AND JANE DOES 1–10

    Defendants.

_____

**ORDER GRANTING MOTION FOR TEMPORARY RESTRAINING ORDER**
_____

Having considered Plaintiff Adscend Media LLC's (Plaintiff, or "Adscend") Motion for Temporary Restraining Order, Preliminary Injunction and Expedited Discovery against defendants D.K., a minor by and through his guardian and natural parent, Stephanie Auton Klose (a/k/a Stephanie Auton); Stephanie Auton Klose, individually; and John and Jane Does 1–10 (collectively "Defendants") (ECF No. 3 (Plaintiff's "Motion")), as well as Adscend's Memorandum in Support (ECF No. 4), and the supporting Declaration of Fehzan Ali, with attached exhibits (ECF No. 5), the Court hereby FINDS and ORDERS as follows:

    1.    The Court FINDS that the four factors to be considered in deciding temporary injunctive relief favor granting that portion of Plaintiff's Motion which seeks a temporary restraining order.  These considerations include: "(1) a

likelihood of success on the merits; (2) a likelihood that the moving party will suffer irreparable harm if the injunction is not granted; (3) the balance of equities is in the moving party's favor; and (4) the preliminary injunction is in the public interest." *Verlo v. Martinez*, 820 F.3d 1113, 1126 (10th Cir. 2016) (internal quotation marks omitted).

2. As a consequence, that part of Plaintiff's Motion which seeks a Temporary Restraining Order is GRANTED, pursuant to Federal Rule of Civil Procedure 65(b), as follows:

   a. Defendants, their agents, employees and anyone acting in concert with them, are hereby TEMPORARILY ENJOINED, RESTRAINED AND PROHIBITED, directly or indirectly, from:

      i. Using, distributing, offering to sell and/or selling exploit scripts which enable users to hack into Adscend's proprietary computer systems, manipulate the software that powers Adscend's EngageMe.TV platform and engage in fraudulent transactions thereon;

      ii. Using, distributing, offering to sell and/or selling exploit scripts which enable users to hack into Adscend's proprietary computer systems;

      iii. Accessing Adscend's computer systems without authorization; and,

      iv. Engaging in fraudulent transactions on or through Adscend's EngageMe.TV platform or otherwise engaging in conduct that

        impedes or disrupts the operations of EngageMe.TV.

    b. This Temporary Restraining Order SHALL EXPIRE at 11:59 p.m. on April 3, 2017, unless extended prior to that date by Order of this Court.

3. The Court ORDERS that Plaintiff SHALL SERVE true copies of *all* of the following documents upon Defendants in accordance with Federal Rule of Civil Procedure 4, **no later than March 27, 2017**:

    a. this Temporary Restraining Order;

    b. the Complaint (ECF No. 1);

    c. the Summons (ECF No. 9);

    d. the Memorandum of Law in Support of Plaintiff's Motion (ECF No. 4); and,

    e. the Declaration of Fehzan Ali (ECF No. 5) including its supporting exhibits (ECF Nos. 5-1 through 5-5).

4. As soon as possible after effecting service of process in compliance with paragraph 3 above, and in no event more than 24 hours after so effecting service, Plaintiff SHALL FILE proof of service with the Court. If Plaintiff is unable to effect service by March 27, 2017 in compliance with this Order, then Plaintiff shall file a status report informing the Court of the status of Plaintiff's efforts.

5. The Court FURTHER ORDERS that Plaintiff SHALL POST a bond or cash deposit with the Clerk of the Court in the amount of $5,000.00, no later than **March 24, 2017**.

6. After Plaintiff files with the Court proof of service of process in compliance with Rule 4 and paragraphs 3 & 4 above, and if the Court is satisfied that it

has personal jurisdiction over the named Defendants, the Court will set a briefing schedule on that part of Plaintiff's Motion which seeks a preliminary injunction, and determine whether a hearing will be necessary.

7. That part of Plaintiff's Motion which seeks an Order for expedited discovery is hereby REFERRED to U.S. Magistrate Judge Kristen L. Mix, or such other Magistrate Judge who may in the future be reassigned to this case.

Dated this 20th day of March, 2017, at 10:45 a.m. Mountain Standard Time.

BY THE COURT:

_____
William J. Martínez
United States District Judge